UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 13-20749 (AMN) |
|    ALMAN ANDREW BECKFORD, | : | Chapter 7 |
|       *Debtor* | : | |
| | : | |
| ALMAN ANDREW BECKFORD, | : | |
|       *Movant* | : | |
| v. | : | |
| | : | |
| MICHAEL ROMANO, | : | |
|       *Respondent* | : | Re: ECF No. 51 |

**RULING AND MEMORANDUM OF DECISION**

Before the court is a motion for contempt filed by the debtor, Alman Andrew Beckford ("Mr. Beckford") seeking sanctions against Michael Romano, Esq. ("Attorney Romano"), counsel for Mr. Beckford's ex-wife, for alleged violations of the automatic stay and discharge injunction.[1] ECF No. 51. In particular, Mr. Beckford seeks damages for Attorney Romano's act of filing, at a time when the automatic stay was in effect, a motion for contempt in the divorce action between Mr. Beckford and his ex-wife. Additionally, Mr. Beckford requests damages for Attorney Romano's act of filing, at a time after the entry of Mr. Beckford's chapter 7 discharge, a second motion for contempt in the divorce action. Both motions for contempt filed by Attorney Romano alleged that Mr. Beckford

---

[1] In the motion for contempt, Mr. Beckford also named Marilyn Beckford, his ex-wife, Connecticut Superior Court Judge Michael Albis, and Home Depot. On the record during a hearing held on December 12, 2015, Mr. Beckford withdrew any claims asserted against Marilyn Beckford. ECF No. 65. The court denied the motion for contempt as Judge Michael Albis, *see* Order dated January 21, 2016, ECF No. 73, and as to Home Depot, *see* Orders dated December 21, 2015, ECF No. 64 and dated January 21, 2016, ECF No. 73.

had failed to comply with the divorce judgment by neglecting to pay a Home Depot credit card bill.

For the reasons that follow, the court grants the motion in part, finding that a violation of the automatic stay has occurred and the court will schedule an evidentiary hearing to assess the amount of damages. The court also denies the motion in part, finding that Attorney Romano did not violate the discharge injunction by filing a second motion for contempt in the divorce action because the entry of a chapter 7 discharge did not discharge Mr. Beckford's obligation owed to his ex-wife to pay his wife's Home Depot credit card bill pursuant to a state court Divorce Judgment (defined below).

## I.　**JURISDICTION AND VENUE**

This memorandum constitutes the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, applicable here pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. This court has jurisdiction of the motion pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and (b)(1), and the United States District Court for the District of Connecticut's General Order of Reference dated September 21, 1984. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (I). Venue is proper before this court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.　**RELEVANT BACKGROUND**

The following factual and procedural history is relevant to the relief sought in the motion for contempt.

**A.     The Divorce Judgment**

In August of 2011, Marilyn Beckford commenced, with the assistance of Attorney Romano, a dissolution of marriage proceeding in the Connecticut Superior Court against her then-husband, Mr. Beckford (the "Divorce Action").[2] Throughout the Divorce Action, Attorney Romano represented Marilyn Beckford. Mr. Beckford proceeded *pro se* in the Divorce Action. Following a trial on November 26, 2012, the Connecticut Superior Court (Prestley, J.) entered a dissolution of marriage judgment ("Divorce Judgment").[3] The Divorce Judgment provided, in relevant part:

- Mr. Beckford would pay alimony to Marilyn Beckford in the amount of $100.00 per week for a period three years;

- Mr. Beckford would quitclaim his interest in property known as Wintonbury to Marilyn Beckford within thirty days;

- Marilyn Beckford and Mr. Beckford would split 50/50 any deficiency on that property;

- Marilyn Beckford was responsible for paying in full the credit card bills from JC Penny, Target, and Sovereign Bank;

- Mr. Beckford was responsible for paying in full the credit card bill from Home Depot (that was in Marilyn Beckford's name only); and

- Mr. Beckford was to pay $1,000 in attorney's fees payable to Attorney Romano within 30 days.

Divorce Judgment, case entry no. 136.00 and 136.50, Ex. 1 to ECF No. 55.

---

[2] The Divorce Action filed on August 22, 2011 was entitled: "*Marilyn G. Beckford v. Alman A. Beckford*," and bore docket number: HHD-FA-11-4058161-S.
[3] All citations to documents filed and orders entered in the Connecticut Superior Court Divorce Case are to the entry number of the docket as follows: Case entry no. __.

On December 17, 2012, Mr. Beckford moved to open the Divorce Judgment. The Superior Court (Olear, J.), denied his motion to open on January 28, 2013.

### B.    Mr. Beckford's Bankruptcy Action

On April 19, 2013, Mr. Beckford, representing himself and therefore proceeding *pro se*, filed a voluntary chapter 7 bankruptcy petition. On the statistical summary of certain liabilities and related data (Official Form 6 – Summary 12/07), Mr. Beckford stated that he did not owe any domestic support obligations, but owed $400.00 in domestic support, separation agreement, and divorce degree obligations that were not reported on Schedule E. ECF No. 2, p. 10. On Schedule F (a listing of non-priority unsecured claims), Mr. Beckford identified Home Depot Credit Services as a creditor holding a contingent claim of $6,645.11 for charge account fees decreed in judgments. ECF No. 2, p. 23. The address listed for Home Depot Credit Services was P.O. Box 183175, Columbus, Ohio, 43218. ECF No. 2, p. 23.

Mr. Beckford additionally identified Romano and Assoc. Law, as a collection agent for Home Depot Credit Services, as a creditor holding a contingent claim of $0.00. ECF No. 2, p. 24. Mr. Beckford listed the address for Romano and Assoc. Law as 41 New Britain Avenue, Rocky Hill, CT 06067. ECF No. 2, p. 24. On Schedule H (a listing of co-debtors), Mr. Beckford listed Marilyn Beckford. ECF No. 2. p. 27. On Schedule J (a listing of the current expenditures of individual debtors), Mr. Beckford indicated a monthly expense of $400.00 for alimony, maintenance, and support paid to others. ECF No. 2, p. 30. On the creditor mailing matrix filed with the petition, Mr. Beckford listed Romano and Associates Law Offices with an address of 41 New Britain Avenue, Rocky Hill, CT 06067

but did not separately list Marilyn Beckford. ECF No. 2, p. 50. On April 21, 2013, the Bankruptcy Noticing Center ("BNC") served, by first class mail, the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines on Romano and Associates Law Offices at 41 New Britain Avenue, Rocky Hill, CT 06067. ECF No. 7.

On May 30, 2013, the chapter 7 trustee, John J. O'Neil, filed a Report of No Distribution and, thereafter on August 21, 2013, Mr. Beckford received an order of discharge pursuant to 11 U.S.C. § 727. ECF No. 30.

### C.    Contempt Proceedings In Divorce Action

On July 25, 2013, at a time when the automatic stay remained in effect, Attorney Romano, on behalf of Mr. Beckford's now ex-wife, Marilyn Beckford, moved, in the Divorce Action, for an order of contempt against Mr. Beckford for his failure to pay the Home Depot bill as required under the Divorce Judgment ("2013 Motion for Contempt"). Case entry no. 148.00. Mr. Beckford, on August 9, 2013, opposed the motion for contempt citing the fact that he had a pending bankruptcy case. Case entry no. 149.00. On August 28, 2013, the Connecticut Superior Court (Carbonneau, J.) entered an order noting that Marilyn Beckford did not appear to be actively pursuing the motion for contempt. Case entry no. 150.00. The order marked Mr. Beckford's objection off the court's calendar without prejudice for Mr. Beckford to reclaim his objection should Marilyn Beckford seek to pursue the motion for contempt in the future. Case entry no. 150.00.

On June 11, 2014, at a time when the automatic stay had expired,[4] Attorney Romano filed a second motion for contempt ("2014 Motion for Contempt"). Case entry

---

[4] The automatic stay had expired by June 11, 2014 pursuant to 11 U.S.C. § 362(c)(2)(C) as Mr. Beckford had received a discharge on August 21, 2013, ECF No. 30 and the Chapter 7 Trustee had filed a Report of No Distribution on May 30, 2013. Section 362(c)(2)(C) provides in relevant part that the automatic stay continues until – as relevant here – the time a discharge is granted or denied.

no. 151.00.  The 2014 Motion for Contempt alleged, in pertinent part, that Mr. Beckford had failed to comply with the Divorce Judgment by neglecting to pay the Home Depot bill.  Case entry no. 151.00.  On August 29, 2014, the Connecticut Superior Court (Albis, J.) ruled that to the extent the 2014 Motion for Contempt

> seeks to have [Mr. Beckford] held in contempt for his failure to pay the Home Depot credit card bill in accordance with Order #9 of the orders incorporated in the judgment dated November 12, 2012, the court finds that because of his good faith belief that the debt has been or will be discharged in his bankruptcy case, [Mr. Beckford] has not willfully violated a court order.  However, the court further finds that [Mr. Beckford] failed to prove that the obligation in question was properly listed in his bankruptcy petition, [Mr. Beckford] testifying only that he named his former wife's attorney as a creditor to receive notice of the bankruptcy filing.
> Accordingly, as a remedial order the court determines that there has been no showing that [Mr. Beckford's] obligation under Order #9 of the orders incorporated into the judgment dated November 12, 2012 has been discharged in bankruptcy, and that the said obligation remains in full force and effect.
> Case entry no. 153.00.

On September 29, 2014, the Connecticut Superior Court denied Mr. Beckford's request for re-argument of Judge Albis' decision.  Case entry no. 154.00.  Mr. Beckford appealed to the Connecticut Appellate Court, which unanimously affirmed the decision.  *Beckford v. Beckford*, 157 Conn. App. 903 (2015)(*per curiam*).  On September 16, 2015, the Connecticut Supreme Court denied Mr. Beckford's petition for certification. *Beckford v. Beckford*, 319 Conn. 904 (2015).

## D.     Instant Motion for Contempt

On October 7, 2015, in this instant proceeding, Mr. Beckford filed a motion for contempt against Attorney Romano for violating the Bankruptcy Code's automatic stay

provision and the discharge injunction. ECF No. 51.[5] On December 21, 2015, Mr. Beckford stated on the record during the hearing on the motion for contempt that he understood the Divorce Judgment "put [hi]s ex-wife's responsibility for paying Home Depot entirely on [him]." ECF No. 65 at 00:08:20 - 00:08:32 and 00:54:00 - 00:54:18.[6] He further acknowledged that he had not been liable for the Home Depot credit card bill prior to the Divorce Judgment. ECF No. 65 at 00:27:40-00:28:12. Counsel for the issuer of the Home Depot credit card, during the hearing, confirmed that Mr. Beckford did not, personally, have a Home Depot account or credit card and, in his client's view, only Marilyn Beckford owed Home Depot pursuant to the credit card. ECF No. 65 at 00:16:43 - 00:17:02 and 00:50:20 - 00:50:50. After about an hour into the December 21, 2015 hearing, Attorney Romano appeared.[7] ECF No. 65 at 00:59:00 - 01:00:00. Attorney Romano argued that the court should not find him in contempt because he believed that, despite his actual knowledge of the bankruptcy proceeding, Mr. Beckford had not properly named his client – Marilyn Beckford - and, as a result, the bankruptcy did not affect him or his client. ECF No. 65 at 01:00:48 - 01:02:28.

Thereafter, the court ordered Attorney Romano and Mr. Beckford to file, by February 26, 2016, any additional pleadings or documents supporting their arguments. ECF No. 64. On January 12, 2016, Attorney Romano filed a memorandum of law in opposition to Mr. Beckford's motion. ECF No. 72. Despite referencing exhibits in his

---

[5] The motion for contempt also sought relief against Marilyn Beckford, the Honorable Michael Albis of the Connecticut Superior Court, and Home Depot. *See* footnote 2 for the resolution of the motion as to these parties.

[6] The court reviewed the audio file of the hearing using VLC Media Player. All citations to the audio file of the hearing are to the ECF number of the recording and then to the location of the cited arguments and statements as follows: ECF No. 65 at hours:minutes:seconds.

[7] The court notes that Attorney Romano failed to file a response to the motion for contempt prior to the scheduled hearing.

memorandum, Attorney Romano failed to file the exhibits with the court. On February 12, 2016, Mr. Beckford filed a memorandum in support of his position and attached exhibits A-G.[8] On September 30, 2016, the court ordered Attorney Romano to file an amended response to correct deficiencies in his original memorandum and provided Mr. Beckford with the opportunity to file a reply to the amended response. ECF No. 93. The Order further stated that if either party wished the court to consider any state court documents, the party should file certified copies. ECF No. 93. On October 14, 2016, Attorney Romano filed his revised response with supporting exhibits. ECF No. 96.[9] On November 2, 2016, Mr. Beckford filed a reply brief to Attorney Romano's amended response. ECF No. 97.

On March 30, 2017, the court entered a scheduling order providing Mr. Beckford with an opportunity to further articulate the basis for his claim that Attorney Romano

---

[8] Mr. Beckford attached exhibits A-G to his memorandum, including: exhibit A - a certified copy of the July 25, 2013 Motion for Contempt; exhibit B - a certified copy of Mr. Beckford's objection to the 2013 Motion for Contempt; exhibit C - a (uncertified) copy of the Connecticut Superior Court's order dated August 22, 2014; exhibit D - a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines, ECF No. 1; exhibit E - a copy of Mr. Beckford's Order of chapter 7 discharge, ECF No. 30; exhibit F - a copy of the Bankruptcy Noticing Center's Certificate of Service dated August 23, 2013, ECF No. 31, along with a certified copy of the docket sheet for the instant matter; and exhibit G - a certified copy of the Connecticut Superior Court's Order dated August 28, 2013.

[9] With his revised response, Attorney Romano submitted exhibits 1 -12. Exhibit 1 was an uncertified copy of the divorce complaint dated August 10, 2011. Exhibit 2 included a series of certified copies of documents filed in the Divorce Action including: an affidavit executed by Mr. Beckford dated October 28, 2011, an affidavit executed by Mr. Beckford dated December 14, 2011, a motion to dismiss dated January 30, 2012, a motion to strike dated January 30, 2012, a motion to remove dated January 30, 2012, a document dated April 2, 2012, a motion to strike dated April 2, 2012, a motion to remove dated April 2, 2012, a motion to dismiss dated April 2, 2012, an objection to contempt dated May 15, 2012, a motion for summary judgment dated November 2, 2012, and a motion to open and set aside dated December 17, 2012. Exhibit 3 was a certified copy of a motion for continue dated March 2, 2012. Exhibit 4 was a certified copy of a memorandum of decision dated January 28, 2013. Exhibit 5 was a certified copy of the June 9, 2014 motion for contempt against Mr. Beckford. Exhibit 6 was a certified copy of the order regarding contempt dated August 22, 2014. Exhibit 7 was a copy of the docket sheet for the Divorce Action. Exhibit 8 was a certified copy of the July 25, 2013 motion for contempt against Mr. Beckford. Exhibit 9 was a certified copy of Mr. Beckford's objection to the motion for contempt. Exhibit 10 was a copy of the Connecticut Superior Court for the district of Hartford's short calendar list for calendar 4 on August 13, 2013. Exhibit 11 was a certified copy of the order dated August 28, 2013 regarding Mr. Beckford's objection to the motion for contempt. Exhibit 12 was a copy of the United States Bankruptcy Court's Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines dated April 19, 2013.

intentionally violated the automatic stay and the basis for his claim for actual or punitive damages. ECF No. 129. On April 17, 2017, Mr. Beckford filed a response that included an affidavit executed by Mr. Beckford. ECF No. 139. Mr. Beckford asserted in his response that the entry of his chapter 7 discharge had the effect of discharging his obligation to pay the Home Depot bill because he had listed it in Schedule F as an unsecured claim. ECF No. 139, p. 8-9.

### III. LAW AND DISCUSSION

#### A. Violation of the Automatic Stay – 11 U.S.C. § 362.

##### i. Relevant Law

It is fundamental that pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition automatically operates as a stay, applicable to all entities, to "the commencement or continuation, … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title" and to "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. §§ 362(a)(1), 362(a)(2); *see* 3-362 Collier on Bankruptcy P 362.01. The broad reach of § 362(a) is limited only by the select exceptions outlined in § 362(b), none of which apply in this case.[10] In the Second Circuit, the automatic "stay is effective immediately upon the filing of the petition" and "without the requirement of notice to the

---

[10] The court notes that while Attorney Romano did not attempt to argue that his action of filing the 2013 Motion for Contempt fit within the exception provided by 11 U.S.C. § 362(b)(2)(A)(ii) or (iv), such an argument would be unpersuasive as proceedings seeking to enforce, rather than establish or modify, a domestic support obligation are not included in the exception to the automatic stay. *See*, 1-5 Collier Family Law and the Bankruptcy Code P. 5.03.

affected parties." *In re Heating Oil Partners, LP*, 422 Fed. Appx. 15, 18 (2d Cir. 2011)(summary order), *citing In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir.1992).

Violations of the automatic stay are punishable as contempt of court. Pursuant to 11 U.S.C. § 362(k)(1), acts that violate the stay are void, and if "willful," provide a proper basis for the assessment of damages. 11 U.S.C. § 362(k)(1). Section 362(k)(1), states in relevant part:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.
> 11 U.S.C. § 362(k)(1).

"A creditor willfully violates section 362 when it knows of the filing of the petition (and hence of the automatic stay), and has the general intent simply to perform the act found to violate section 362; no specific intent to violate section 362 is necessary." *In re Weber*, 719 F.3d 72, 82 (2d Cir. 2013)(a good-faith mistake does not preclude a finding of contempt), *see also, In re Campbell*, 398 B.R. 799, 812 (Bankr.D.Vt. 2008)(a good faith mistake of law will not relieve a willful violator of the consequences of its act).

In order to recover damages, a debtor must "prove three elements: (1) the offending party violated the automatic stay; (2) the violation was willful; and (3) that the willful violation caused the debtor an injury." *In re Crowder*, 62 Bankr.Ct.Dec. 202, 2016 WL 3453214, at *2 (Bankr.W.D.N.Y. 2016). A debtor "bears the burden of proving that damages were actually incurred." *In re Sturman*, 2011 WL 4472412, at *3 (S.D.N.Y. 2011)(where no injury results from the violation of the automatic stay, an award of damages is clearly inappropriate); *see also*, *In re Manchanda*, No. 16-10222 (JLG), 2016 WL 3034693, at *5 (Bankr.S.D.N.Y. 2016)(debtor must prove by a preponderance of the evidence that he or she suffered damages)(*unpublished*).

"An additional finding of maliciousness or bad faith on the part of the offending [party]" is required for the imposition of punitive damages. *In re Weber*, 719 F.3d at 83. "[C]allous disregard is an insufficient basis upon which to award punitive damages because it does not rise to the level of bad faith or maliciousness." *In re Adomah*, 368 B.R. 134, 139 (S.D.N.Y. 2007).

### ii. Discussion Regarding Violation of the Automatic Stay

In the present case, Attorney Romano admitted that he received notice of Mr. Beckford's bankruptcy filing. ECF No. 96, p. 4. Despite having notice, Attorney Romano on behalf of his client, filed the 2013 Motion for Contempt against Mr. Beckford. Attorney Romano has proffered two excuses for his conduct: 1) he is not familiar with bankruptcy procedure and, 2) the notice was not relevant because he, personally, was not a creditor of Mr. Beckford. The court finds Attorney Romano's statements disingenuous and troubling coming from an attorney practicing for more than thirty years. After being engaged in litigation with Mr. Beckford for two years, Attorney Romano should have considered how the bankruptcy might affect his client and the Divorce Judgment he had assisted his client in obtaining.[11]

The record supports a finding that Attorney Romano acted "willfully" because of his admitted knowledge of the bankruptcy case and his intentional act of filing the 2013 Motion for Contempt. Hence, Attorney Romano is liable, pursuant to § 362(k)(1), for actual damages caused by his violation of the automatic stay.

---

[11] "[T]he [c]ourt is compelled to hold that the creditors [sic] non-bankruptcy counsel is deemed to be an authorized agent for receiving notice of the debtor's pending bankruptcy case. The implicit assumption is that when a non-bankruptcy counsel is actively engaged in prosecuting a creditor's claim against the debtor before a non-bankruptcy tribunal, … that is a sufficient nexus to the bankruptcy case to justify imputing authorized agency. The second implicit assumption is that an attorney licensed to practice law generally is deemed to have sufficient training to discover the appropriate law and rules governing bankruptcy cases." *In re Linzer*, 264 B.R. 243, 249 (Bankr.E.D.N.Y. 2001).

The question of the amount of actual damages requires factual determinations and the court will schedule an evidentiary hearing on that issue. The court notes that during the hearing on December 21, 2015, Mr. Beckford requested $10,000 in damages for this violation. ECF No. 65 at 01:05:00-01:06:40. In his supplemental response dated April 17, 2017, Mr. Beckford alleged that he had missed many days from work defending against the contempt claims and that the stress caused by Attorney Romano's act resulted in physical health issues. ECF No. 139. The court shall hold an evidentiary hearing limited to the presentation of evidence regarding actual damages suffered because of Attorney Romano's act of filing the 2013 Motion for Contempt.

As to Mr. Beckford's request for punitive damages for his violation of the automatic stay, the record does not support a finding that Attorney Romano acted maliciously or in bad faith. While the conduct of Attorney Romano may not be all that the court might expect from an attorney practicing for thirty years, the filing of the 2013 Motion for Contempt does not rise to the level of malice. As noted above, callous disregard - here Attorney Romano's disregard for the automatic stay - is insufficient for a finding of bad-faith. Additionally, the court notes that Attorney Romano, after receiving Mr. Beckford's objection to the 2013 Motion for Contempt, took no further steps to pursue the Motion and it appears to have been clear to the state court that the Motion was not being pursued. Accordingly, the court finds that under these circumstances punitive damages are not warranted.

**B. Violation of the Discharge Injunction – 11 U.S.C. § 524.**

**i. Relevant Law**

Mr. Beckford also alleged that Attorney Romano's filing of the 2014 Motion for Contempt violated the discharge injunction. Pursuant to § 524(a)(2), a discharge in bankruptcy operates as an injunction against the commencement or continuation of an action, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Section 727(b), provides in relevant part, that "*except as provided in section 523 of this title*, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter …" 11 U.S.C. § 727(b).

Two sub-sections of § 523(a) are relevant to the discussion in this case. First, § 523(a)(5) provides that a discharge under § 727 does not discharge an individual debtor from any debt for a domestic support obligation. 11 U.S.C. § 523(a)(5). The Bankruptcy Code defines a "domestic support obligation" as a debt that accrues before, on, or after the date of the order for relief in a case under this title, that is:

(A)  owed to or recoverable by—
    (i)   a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
    (ii)  a governmental unit;

(B)  in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C)  established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
    (i)   a separation agreement, divorce decree, or property settlement agreement;
    (ii)  an order of a court of record; or

> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.
>
> 11 U.S.C. § 101(14A).

When determining whether an obligation constitutes a domestic support obligation, courts "look to the substance, and not merely the form, of the payments." *In re Brody*, 3 F.3d 35, 38 (2d Cir.1993). Courts have found that "the nature of the debt [is] more important than the identity of the payee." *In re Mason*, 545 B.R. 462, 466 (Bankr.S.D.N.Y. 2016)(internal citations omitted). Payments to third parties, under appropriate circumstances, may nevertheless constitute alimony or support. *In re Pierce*, 323 B.R. 21, 28 (Bankr.D.Conn. 2005), *see also*, *In re Bonito*, No. 09-31888 (LMW), 2010 WL 3398396 (Bankr.D.Conn. 2010)(*unpublished*)(finding debtor's obligation to make mortgage payment constitutes "support" within the meaning of § 101(14A) and can be enforced by former spouse notwithstanding that the debt is paid to mortgagee).

The second sub-section that is relevant to this discussion is § 523(a)(15). Section 523(a)(15), states, in pertinent part:

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt –
>
> …
>
> (15) to a spouse, former spouse, … and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation …, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.
>
> 11 U.S.C. § 523(a)(15).

The purpose of § 523(a)(15) was to provide an exception to

debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement.
*In re Rogers*, No. 08-30864 (LMW), 2010 WL 1571196 (Bankr.D.Conn. 2010)(*unpublished*), *citing* Legislative History for prior §523(a)(15), 140 Cong. Rec. H10752-01, at H10770 (daily ed. Oct. 4, 1994).

For the purposes of an "individual case[ ] under chapter 7 … the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt." 4-523 Collier on Bankruptcy P 523.23; *see also*, *In re Mason*, 545 B.R. 462, 466 (Bankr.S.D.N.Y. 2016)(Section 523(a)(15) encompasses a broader category of debt than a domestic support obligation under § 523(a)(5) … a court need not make a determination on whether the amounts awarded under the [j]udgments at issue constitute domestic support obligations … if … the [j]udgments would be non-dischargeable in any event under § 523(a)(15)).

Courts in the Second Circuit have recognized that a debt can be excepted from discharge pursuant to § 523(a)(15), even if payment is made to a third-party so long as the obligation to make such a payment runs in favor of the spouse or former spouse. *See In re Forney*, No. 14-72143 (REG), 2015 WL 1757117, at *2, 2015 Bankr. LEXIS 1297, at *5 (Bankr.E.D.N.Y. 2015)(finding credit card debt squarely fit[s] within subsection 15 of section 523(a)); *In re Golio*, 393 B.R. 56 (Bankr.E.D.N.Y. 2011)(property settlement obligation incurred pursuant to a divorce is a non-dischargeable obligation). In *In re Sawyer*, No. 13-22062 (ASD), 2015 WL 5601434 (Bankr.D.Conn. 2015), the court determined that a debtor had discharged a debt owed to a former spouse's mother but had not discharged the obligation to the former spouse, set forth in the parties' separation

agreement, to pay the amount owed to the former spouse's mother. *In re Sawyer*, 2015 WL at *8.

### ii. Discussion Regarding Violation of the Discharge Injunction

Here, prior to the Divorce Judgment, Mr. Beckford had no liability for the Home Depot credit card bill. Mr. Beckford admitted that his liability for the Home Depot bill arose from the Divorce Judgment that stated he was "responsible for paying in full the credit card bill from Home depot [sic]." Mr. Beckford argued that his obligation ran to Home Depot and not to Marilyn Beckford. ECF No. 65 at 00:54:00-00:55:14. Additionally, he argued that Attorney Romano had an obligation to inform Home Depot that Marilyn Beckford was no longer liable on the debt because of the Divorce Judgment. ECF No. 65 at 00:54:18-00:55:14. Because Mr. Beckford viewed the obligation as owing to Home Depot, he believed that by virtue of listing Home Depot as a creditor on his schedules, he believed the entry of his chapter 7 discharge discharged the Home Depot debt. ECF No. 65 at 00:54:18-00:55:14. But this is not so.

Mr. Beckford's argument fails to appreciate that the Divorce Judgment did not modify the relationship or character of the debts owed to third-party creditors, but rather only addressed - as between husband and wife – which of them had the responsibility to pay each liability. A divorce judgment does not modify the underlying debt or alter any underlying creditor relationship, but only allocates the liability for that debt between the husband and wife. *See*, 1-3 Collier Family Law and the Bankruptcy Code P 3.02 (The divorce court assigns responsibility for payment of particular debts, but this assignment does not affect which spouse is personally obligated to the creditor); *see also, In re Kadoch*, 528 B.R. 626, 636 (Bankr.D.Vt. 2015)(the debts were adjudicated in the divorce

solely for the purpose of allocating liability between the Debtor and [ex-spouse]). Connecticut General Statutes §46b-81 confers broad powers upon the trial court to allocate and assign joint or sole liabilities and debts to one or both spouses.

Hence, the Divorce Judgment assigned the obligation to pay the Home Depot credit card to Mr. Beckford and that obligation ran in favor of Marilyn Beckford. Marilyn Beckford, by virtue of the Divorce Judgment, acquired a contingent "debt" that was enforceable - only by her and not Home Depot - against Mr. Beckford upon his failure to pay the bill. *See In re Vann*, No. 13-51364, 2014 WL 505257, at *2 (Bankr.D.Conn. 2014)(the plaintiff has a contingent claim against the defendant because if the defendant fails to pay the Legal Fees, as ordered by the [] family court before the commencement of this case, [the attorney] will seek payment from plaintiff).

Attorney Romano has argued that the court should not hold him liable for a violation of the discharge injunction because Mr. Beckford failed to list properly the obligation to pay the Home Depot bill in his Bankruptcy Schedules. The court does not credit this argument. Pursuant to 11 U.S.C. § 523(a)(3)(A), a debt that is not scheduled is not discharged unless the creditor had notice or actual knowledge of the case in time to permit the timely filing of a proof of claim. 11 U.S.C. § 523(a)(3)(A). Here, it is undisputed that Mr. Beckford did not list Marilyn Beckford in his bankruptcy petition. However, Attorney Romano has admitted that he received notice – specifically the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines – of the bankruptcy and that he informed Marilyn Beckford of the filing. ECF No. 96, P. 4. For the purposes of § 523(a)(3)(A), such notice is sufficient for finding actual knowledge of the bankruptcy case. *See Franzone v. Elias (In re Elias)*, Docket No. 13-cv-01269 (CBA), 2014 WL 1248042,

at *5, 2014 U.S. Dist. LEXIS 39591, at *14-16 (E.D.N.Y. 2014)(the notice afforded [the attorney] can fairly be imputed to [the creditor]: [the attorney]'s representation of [the creditor] was ongoing … and involved the very debts that were at risk of being discharged in the bankruptcy action); see also, In re Linzer, 264 B.R. 243, 249 (Bankr.E.D.N.Y. 2001)(when a non-bankruptcy counsel is actively engaged in prosecuting a creditor's claim against the debtor before a non-bankruptcy tribunal . . . that is a sufficient nexus to the bankruptcy case to justify imputing authorized agency).  As the court finds that Attorney Romano had actual knowledge of the bankruptcy, any argument that the debt was not discharged pursuant to § 523(a)(3)(A) because of a failure of notice to Marilyn Beckford fails.

The court concludes that Mr. Beckford's obligation to pay the Home Depot credit card bill was a debt that was assigned to the debtor by the Divorce Judgment and was owed to Marilyn Beckford.  Accordingly, the debt was non-dischargeable pursuant to 11 U.S.C. § 523(a)(15), notwithstanding the fact that Mr. Beckford listed the debt to "Home Depot" on his schedules and received a chapter 7 discharge.  As the obligation was non-dischargeable, the discharge injunction, pursuant to § 542(a)(2), does not prohibit enforcement of that obligation.  Therefore, Attorney Romano's act of filing, on behalf of Marilyn Beckford, the 2014 Motion for Contempt did not violate the discharge injunction of 11 U.S.C. § 524.

For the reasons discussed above, the court denies Mr. Beckford's motion for contempt against Attorney Romano to the extent the motion alleges a violation of the discharge injunction.

NOW THEREFORE, it is hereby,

ORDERED, that, the motion for contempt, ECF No. 51, is GRANTED to the extent that the court has found Attorney Romano violated the automatic stay of § 362 by filing the 2013 Motion for Contempt; and it is further

ORDERED, that, the motion for contempt, ECF No. 51, is DENIED to the extent that the motion seeks damages against Attorney Romano for a violation of the discharge injunction pursuant to 11 U.S.C. § 524; and it is further

ORDERED, that on August 22, 2017, at 10:00 a.m., an evidentiary hearing, limited to the presentation of evidence regarding actual damages incurred by Mr. Beckford because of Attorney Romano's act of filing the 2013 Motion for Contempt, shall be held at the United States Bankruptcy Court, District of Connecticut, New Haven Division, 157 Church Street, 18th Floor Courtroom, New Haven, Connecticut.

Dated on June 23, 2017, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut