UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: : | Case No.: 13-20749 (AMN) |
|     ALMAN ANDREW BECKFORD : | Chapter 7 |
|         *Debtor.* : | |
| : | |
| U.S. BANK NATIONAL ASSOCIATION, : | |
| AS TRUSTEE, SUCCESSOR BY : | |
| MERGER TO LASALLE BANK : | |
| NATIONAL ASSOCIATION, AS : | |
| TRUSTEE FOR STRUCTURED ASSET : | |
| INVESTMENT LOAN TRUST : | |
| MORTGAGE PASS-THROUGH : | |
| CERTIFICATES, SERIES 2004-5 : | |
|         *Movant* : | |
| v. : | |
| : | |
| ALMAN ANDREW BECKFORD, : | |
|         *Respondent* : | |
| : | |
| JOHN J. O'NEIL, : | |
|         *Chapter 7 Trustee* : | ECF No. 156, 166, 182, 192 |

**MEMORANDUM OF DECISION AND ORDER GRANTING MOTION
TO COMPEL ABANDONMENT OF 15 CASE STREET, HARTFORD, CONNECTICUT**

**APPEARANCES**

| | |
|---|---|
| Alman Andrew Beckford<br>1481 Albany Avenue<br>Hartford, CT 06112 | *Pro Se* Debtor |
| Randall S. McHugh, Esq.<br>Bendett & McHugh, P.C.<br>270 Farmington Avenue, Suite 171<br>Farmington, CT 06032 | Counsel for the Movant |
| John J. O'Neil<br>255 Main Street<br>Hartford, CT 06106 | Chapter 7 Trustee for the<br>Bankruptcy Estate of<br>Alman Andrew Beckford |

1

Before the court is a motion filed by U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-5 ("U.S. Bank") seeking, pursuant to 11 U.S.C. § 554, to compel ("Motion to Compel") the Chapter 7 Trustee, John J. O'Neil ("Trustee"), to abandon the bankruptcy estate's interest in property located at 15 Case Street, Hartford, Connecticut 06112 (the "Case Street Property"). ECF No. 156. The debtor, Alman Andrew Beckford ("Mr. Beckford") objected to the Motion to Compel. ECF No. 166. For the reasons that follow, the motion is granted.

## I.   RELEVANT PROCEDURAL BACKGROUND

On April 19, 2013, Mr. Beckford, representing himself and therefore proceeding *pro se*, filed a voluntary chapter 7 bankruptcy petition ("Petition Date"). On Schedule A – Real Property, Mr. Beckford listed that he held an interest, as sole owner, in the Case Street Property. ECF No. 2, P.11. Mr. Beckford listed Americas Servicing Company as a creditor holding a general unsecured claim of $145,642.00 relating to the purchase of the Case Street Property.[1] ECF No. 2, P. 21. Approximately a month and a half after the Petition Date, the Trustee filed a Report of No Distribution and, thereafter on August 21, 2013, Mr. Beckford received an order of discharge pursuant to 11 U.S.C. § 727. ECF No. 30.

---

[1] The court notes that Mr. Beckford's listing of the claim as unsecured and as belonging to Americas Servicing Company is not dispositive and, as discussed herein, U.S. Bank has provided evidence that it holds a claim secured by a mortgage on the Case Street Property. *See* ECF No. 182.

2

Slightly more than four years later,[2] U.S. Bank filed the instant Motion to Compel asserting that the Case Street Property was a burden and of inconsequential value and benefit to the bankruptcy estate. ECF No. 156. In the Motion to Compel, U.S. Bank attached an affidavit of appraiser, Joseph D. Grella, attesting that the fair market value of the Case Street Property was Seventy Thousand ($70,000.00) Dollars as of June 2, 2017.

On July 27, 2017, Mr. Beckford objected alleging that U.S. Bank lacked standing to seek relief in this court and lacked any interest in the Case Street Property (the "Objection"). ECF No. 166. Thereafter, U.S. Bank filed a memorandum in support of the Motion to Compel ("Compel Memorandum"). ECF No. 182. With the Compel Memorandum, U.S. Bank attached the following exhibits:

- a certified copy of a mortgage for One Hundred and Twenty Thousand ($120,000.00) Dollars from Mr. Beckford to Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage Incorporated, dated January 2, 2004;
- a certified copy of an assignment of the mortgage from Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage Incorporated to U.S. Bank dated January 18, 2013;
- a declaration from Lisa Whittemore, the foreclosure operations manager at Bendett & McHugh, P.C., counsel for U.S. Bank ("Whittemore Declaration"); and,

---

[2] Since the Report of No Distribution and the entry of discharge, the bankruptcy case remained pending to adjudicate ancillary motions for relief from stay by other creditors and motions for contempt filed by Mr. Beckford.

3

- a declaration from Crystal Massey, vice president of loan documentation for Wells Fargo Bank N.A., as servicer for U.S. Bank ("Massey Declaration").

The Whittemore Declaration stated that Bendett & McHugh P.C. as agent for U.S. Bank was in physical possession of an original note executed by Mr. Beckford with an original principal balance of One Hundred and Twenty Thousand ($120,000.00) Dollars and that the original note was endorsed in blank. ECF No. 182-1, P. 22-23. The Massey Declaration stated that the debt owed to U.S. Bank, as of August 16, 2017, was $195,445.23 and that the note was contractually due for January 1, 2011, and each and every monthly payment thereafter. ECF No. 182-1, P. 64. The Trustee did not object to the Motion to Compel.

On October 25, 2017, the court heard oral argument on the Motion to Compel and the Objection. ECF No. 184. Following the hearing, the court provided Mr. Beckford and U.S. Bank an additional opportunity to file statements regarding the Motion to Compel. ECF No. 187. Thereafter, on December 1, 2017, Mr. Beckford filed a supplemental statement objecting to the Motion to Compel. ECF No. 192. In his supplemental statement and in addition to the standing arguments raised in his Objection, Mr. Beckford stated he believed that by virtue of listing the debt as unsecured claim on his schedules the entry of his chapter 7 discharge discharged the mortgage lien. ECF No. 192, P. 2. Mr. Beckford argued that, since U.S. Bank failed to object to the dischargeability of the mortgage claim, the mortgage lien itself was extinguished.

## II.    GOVERNING LAW

When a bankruptcy petition is filed, an estate is created and the debtor's property and all interest in property become part of the bankruptcy estate. 11 U.S.C. § 541(a); 5-

4

541 *Collier on Bankruptcy* ¶ 541.07 (2017). "As in the case of other assets of the debtor, the trustee is not bound to accept [] burdensome [property]" and may abandon it if burdensome or if it is of inconsequential value. 5-541 *Collier on Bankruptcy* ¶ 541.07 (2017).

Pursuant to 11 U.S.C. § 554, abandonment of property of the estate may occur upon action by the trustee or by order of the court upon the request of a party in interest. *See* 11 U.S.C. § 554(a) and (b). Subsection (b) provides:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> 11 U.S.C. § 554(b).

The party moving for an order to abandon property must serve the motion on the trustee. Fed.R.Bankr.P. 6007(b). If a party in interest requests abandonment, the requesting party bears the burden to show that the property is burdensome to the estate or of inconsequential value to the estate. 5-554 *Collier on Bankruptcy* ¶ 554.02 (2017). Upon abandonment, the property reverts to the debtor and the debtor's rights to the property are treated as if no bankruptcy petition was filed. 5-554 *Collier on Bankruptcy* ¶ 554.02 (2017), *citing In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd*, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992).

### III. DISCUSSION

Mr. Beckford opposes the Motion to Compel claiming that U.S. Bank lacks standing. The issue of whether U.S. Bank has standing to seek abandonment must be determined in connection with the language used in § 554(b) and Fed.R.Bankr.P. 6007(b). Both provisions provide a "party in interest" with the ability to move for an order compelling abandonment. Despite the use of the phrase "party in interest" in various

5

sections of the Bankruptcy Code, it is not precisely defined.[3] The Court of Appeals for the Second Circuit has held that "[w]hether a party qualifies as a 'party in interest' is determined on a case-by-case basis, taking into consideration whether that party has a 'sufficient stake' in the outcome of that proceeding, which can include having a pecuniary interest directly affected by the bankruptcy proceeding." *Church Mut. Ins. Co. v. Am. Home Assur. Co. (In re Heating Oil Partners, LP)*, 422 F. App'x 15, 17 (2d Cir. 2011). In the context of a chapter 7 case, a party in interest "has generally been interpreted [] to refer to creditors of the debtor who have claims against the estate and whose pecuniary interests are directly affected by the bankruptcy proceedings." *In re Slack*, 164 B.R. 19, 22 (Bankr.N.D.N.Y. 1994).

Here, U.S. Bank has standing to prosecute the Motion to Compel. U.S. Bank provided the Whittemore Declaration attesting that U.S. Bank's agent is in physical possession of the original note executed by Mr. Beckford. U.S. Bank also submitted a certified copy of the mortgage executed by Mr. Beckford and securing the note as recorded on the land records of Hartford, Connecticut. Mr. Beckford failed to present evidence contradicting U.S. Bank's evidence. U.S. Bank's standing to enforce the note is provided by the Uniform Commercial Code[4], pursuant to which only a holder of an instrument, or someone who has the rights of a holder, is a "[p]erson entitled to enforce an instrument . . . ." Conn.Gen.Stat. § 42a-3-301. A holder is the entity, or person, in

---

[3] The court notes that in the context of a chapter 11 case, 11 U.S.C. § 1109 specifies parties in interest as including "the debtor, the trustee, a creditors' committee, an equity security holder's committee, a creditor, an equity security holder, or any indenture trustee ..." 11 U.S.C. § 1109(b). The list, however, is not exclusive and the term "party in interest" as used in 11 U.S.C. § 1109(b) has generally been construed liberally. *In re Ionosphere Clubs*, 101 B.R. 844, 849 (Bankr.S.D.N.Y. 1989).

[4] The Uniform Commercial Code, as adopted by the Connecticut legislature, is codified at General Statutes § 42a-1-101 et seq.

possession of the instrument if the instrument is payable to the bearer. Conn.Gen.Stat. § 42a-1-201(b)(21)(A). An instrument endorsed in blank "becomes payable to bearer and may be negotiated by transfer of possession alone . . . ." Conn.Gen.Stat. § 42a-3-205(b). In the present matter, BNC Mortgage, Inc. endorsed the promissory note in blank. Accordingly, "[U.S. Bank], by way of its possession of an instrument payable to [the] bearer, is a valid holder of the instrument and, therefore, is entitled to enforce it." *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570, 577 (2010). U.S. Bank has provided sufficient evidence demonstrating it is the holder of a note executed by Mr. Beckford and secured by a mortgage on the Case Street Property. Thus, U.S. Bank is a creditor of Mr. Beckford and, as a creditor, satisfies the requirements of a party in interest in Mr. Beckford's chapter 7 bankruptcy case.

Mr. Beckford also asserts that the Motion to Compel should be denied because he believes he discharged the lien by virtue of his receipt of a chapter 7 discharge. This argument fails to appreciate that entry of a chapter 7 discharge eliminated Mr. Beckford's personal liability on the debt but did not discharge – or affect the validity of - the mortgage lien. Section 542(a)(2) of the Bankruptcy Code, which governs discharge of debt, only prevents the enforcement of personal liability. Section 524(a) provides:

> (a) A discharge in a case under this title-(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor . . . [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor.
> 11 U.S.C. § 524(a).

"[A discharge] does not prevent foreclosure of a mortgage that remains in default after a discharge is issued and a chapter 7 case is closed." *Thompson v. Ocwen Financial*

7

*Corp.,* Docket No. 3:16-cv-01606 (JAM), 2018 U.S. Dist. LEXIS 10129, at *8-9 (D. Conn. Jan. 23, 2018); s*ee also In re Wilson*, 492 B.R. 691, 696 (Bankr.S.D.N.Y. 2013)("Section 542(a)(2) acts only as a bar to … actions to collect a discharged debt as a personal liability.  This provision does not prevent foreclosure of a lien on property"); *Drew v. Chase Manhattan Bank, N.A.*, 185 B.R. 139, 141-42 (S.D.N.Y. 1995)(holding that foreclosure on a debtor's property did not violate the discharge injunction because "while the [debtor's] personal obligation is discharged in bankruptcy, a valid mortgage lien survives the bankruptcy"); *In re Buchferer*, 216 B.R. 332, 341 (Bankr.E.D.N.Y. 1997)("If [post-discharge] there is a default in the mortgage, enforceable against the collateral, that is the remedy of the lender who now has only a nonrecourse loan in its portfolio").

In this case, Mr. Beckford's receipt of a chapter 7 discharge discharged his personal liability on the note and the debt, and barred U.S. Bank from seeking to collect the debt from Mr. Beckford, personally.  However, the Case Street Property remains encumbered by the mortgage lien and remains liable for the debt.  U.S. Bank, after the entry of Mr. Beckford's chapter 7 discharge, remains entitled to pursue any of its State law rights, including foreclosure, against the Case Street Property.[5]

In order to be entitled to relief pursuant to § 554(b), U.S. Bank must establish that the Case Street Property is burdensome to the estate or is of inconsequential value and benefit to the estate.  U.S. Bank provided evidence by way of affidavit that the fair market value of the Case Street Property, as of June 2, 2017, was Seventy Thousand ($70,000.00) Dollars.  *See* Exhibit J to ECF No. 156-1, P. 61.  The Massey Declaration stated that the debt owed to U.S. Bank, as of August 16, 2017, was $195,445.23.  ECF

---

[5] However, U.S. Bank is barred by the discharge injunction pursuant to §524(a) from pursuing a deficiency judgment against Mr. Beckford, personally.

8

No. 182-1, P. 64.  Mr. Beckford failed to present any contrary evidence.  U.S. Bank's evidence indicates that there is no equity or value for the estate.  Accordingly, the court concludes that U.S. Bank met its burden of showing that the Case Street Property has no value to the estate, or at best, is of only inconsequential value.

### IV.    CONCLUSION

In sum, after consideration of the arguments of U.S. Bank and Mr. Beckford, the evidence submitted by U.S. Bank, and the record of this case, the court concludes that U.S. Bank is entitled to relief under § 554.

**NOW THEREFORE**, it is hereby

**ORDERED**, that the Motion to Compel, ECF No. 156, is GRANTED; and it is further

**ORDERED**, that John J. O'Neil, the Chapter 7 Trustee, is authorized to abandon the property of the estate known as 15 Case Street, Hartford, Connecticut; and it is further

**ORDERED**, that entry of this Order shall be deemed to constitute the abandonment of 15 Case Street, Hartford, Connecticut by the Trustee.

Dated on March 20, 2018, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut