UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: :<br>    ALMAN ANDREW BECKFORD, :<br>    *Debtor* :<br>: | Case No.: 13-20749 (AMN)<br>Chapter 7 | |
| :<br>ALMAN ANDREW BECKFORD, :<br>    *Movant* :<br>v. :<br>:<br>MICHAEL ROMANO, ESQ. :<br>    *Respondent* : | Re: ECF No. 140, 151, 162 | |

**APPEARANCES**

Alman Andrew Beckford          *Pro Se* Debtor
1481 Albany Avenue
Hartford, CT 06112

Jon P. Newton, Esq.            Counsel for Michael Romano, Esq.
Reid and Riege, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103

## MEMORANDUM OF DECISION AND ORDER
## DENYING MOTIONS FOR RECONSIDERATION

Before the court are two motions seeking reconsideration of the court's memorandum of decision (the "Decision"), ECF No. 140, dated June 23, 2017. ECF Nos. 151, 162. The first motion was filed by the respondent, Michael Romano, Esq. ("Attorney Romano")[1] seeking reconsideration of the court's finding that Attorney Romano violated the automatic stay pursuant to Fed.R.Civ.P. 60(a) and 60(b)(1), made applicable to this

---

[1] In August of 2011, Marilyn Beckford, the former spouse of the debtor, Alman Andrew Beckford ("Mr. Beckford") commenced a dissolution of marriage proceeding the Connecticut Superior Court entitled: *Marilyn G. Beckford v. Alman A. Beckford*, and bearing docket number: HHD-FA-11-4058161-S ("Divorce Action"). Throughout the Divorce Action, Attorney Romano represented Marilyn Beckford.

1

case by Fed.R.Bankr.P. 9024 ("Reconsideration Motion I"). ECF No. 151. The second motion was filed by Mr. Beckford seeking reconsideration of the court's decision finding Attorney Romano did not violate the discharge injunction, pursuant to 11 U.S.C. § 524 ("Reconsideration Motion II"). ECF No. 162.

## I.     RELEVANT PROCEDURAL BACKGROUND

Earlier, in October of 2015, Mr. Beckford filed a motion for contempt against Attorney Romano for violating the Bankruptcy Code's automatic stay provision and the discharge injunction. ECF No. 51; *See* U.S.C. §§ 362, 524. Mr. Beckford sought damages for Attorney Romano's act of filing a motion for contempt against Mr. Beckford for his failure to pay the Home Depot bill as required under the dissolution of marriage judgment ("2013 Motion for Contempt") in the Divorce Action (defined in ECF No. 140), on July 25, 2013, at a time when the automatic stay was in effect.[2] Additionally, Mr. Beckford requested damages for Attorney Romano's act of filing a second motion for contempt in the Divorce Action on June 11, 2014 – after the entry of Mr. Beckford's chapter 7 discharge – alleging in pertinent part that Mr. Beckford had failed to comply with the dissolution of marriage judgment by neglecting to pay the Home Depot bill ("2014 Motion for Contempt").

On June 23, 2017, the court entered its Decision regarding Mr. Beckford's motion for contempt concluding that Attorney Romano violated the automatic stay by filing the 2013 Motion for Contempt[3] but did not violate the discharge injunction by filing the 2014 Motion for Contempt. ECF No. 140.

---

[2]     It is undisputed the 2013 Motion for Contempt was not ruled upon by the State Court. See also, footnote 3.

[3]     The court has not yet considered whether there were damages caused by the violation as an evidentiary hearing on this issue was continued without dated pending this order. The court notes there is

2

On July 7, 2017, Attorney Romano filed Reconsideration Motion I, asserting that the court erred in failing to consider the filing of the 2013 Motion for Contempt as an exception to the automatic stay pursuant to 11 U.S.C. § 362(b)(2)(B). ECF No. 151. Prior to raising the § 362(b)(2)(B) issue in Reconsideration Motion I, Attorney Romano had never asserted that the exception to the automatic stay set forth in § 362(b)(2)(B) applied to the 2013 Motion for Contempt.  Reconsideration Motion I also asserted that the court erred by failing to hold an evidentiary hearing after Attorney Romano requested – at a point in time after the court heard oral argument on Mr. Beckford's motion – that an evidentiary hearing be held.  Mr. Beckford objected to Reconsideration Motion I.  ECF No. 160.

Thereafter, Mr. Beckford filed Reconsideration Motion II.  ECF No. 162.  In Reconsideration Motion II, Mr. Beckford asserted that the court erred in its conclusion that Attorney Romano did not violate the discharge injunction by filing the 2014 Motion for Contempt.  Mr. Beckford argued – as he argued in his filings prior to the court's Decision – that the entry of his chapter 7 discharge discharged the Home Depot debt, and therefore, Attorney Romano violated the discharge injunction by filing the 2014 Motion for Contempt.  ECF No. 162.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 60, made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9024, governs the process by which a party may obtain relief from a

---

no finding that Attorney Romano pursued the 2013 Motion for Contempt before the state court by asking that it be ruled upon.  Rather, the court found the act of filing the motion with the state court was not an accident (i.e. in this context, was "willful") and had the effect of violating the stay.  What is left to be determined is whether Mr. Beckford sustained any actual damages from the filing of the motion during the time the stay was in effect.

3

judgment or order. Fed.R.Civ.P. 60. Subsection (a) of Fed.R.Civ.P. 60 allows for the correction of clerical mistakes, oversights, and omissions in order to "implement the result intended by the court at the time the order was entered." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150-51 (2d Cir. 1999)("omission of the word 'not' from the original judgment was a clerical mistake [as] [t]he district court's ruling and intention [were] clear from its memorandum and order."). "[A] Rule 60(a) motion is appropriate 'where the judgment has failed accurately to reflect the actual decision of the decision maker ... .'" *Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d 498, 504 (2d Cir. 2007) (*quoting In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986)); *see also Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001)("The request of plaintiff's counsel to correct the [] judgment to reflect the defendant's correct name was clearly a motion under Rule 60(a)."). A court acting pursuant to Fed.R.Civ.P. 60(a) may not make "changes that alter the original meaning [of an order] to correct a legal or factual error." *Rezzonico*, 182 F.3d at 151.

Additionally, Fed.R.Civ.P. 60(b) provides the grounds on which a court, in its discretion, can amend or rescind a final judgment or order. Fed.R.Civ.P. 60(b) provides, in pertinent part:

> [T]he court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud ...;
> (4) the judgement is void;
> (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
> Fed.R.Civ.P. 60(b).

4

Rule 60(b)(1) may be used to remedy both a court's mistake of law and of fact. *See In re 301 Associates*, 346 F.3d 31, 35 (2d Cir. 2003).  However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Broth. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)(*quoting* 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790)(internal quotation marks omitted).  "The Court notes that 'motions pursuant to Rule 59(e), Rule 60(b), and Local Rule 7(c) for reconsideration are treated under the same standard.'" *Cope v. Wal-Mart Stores E., LP*, No. 3:15-CV-01523 (CSH), 2017 WL 4542045, at *2 (D.Conn. October 11, 2017)(citations omitted).

"An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief … nor does the failure to interpose a defense that could have been presented earlier. …" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994)(internal citations omitted); *see also Howard v. MTA Metro-N. Commuter R.R.*, 866 F.Supp.2d 196, 210 (S.D.N.Y. 2011)("Rule 60(b)(1) is not to be invoked to provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed.")(citations omitted).

In this District, Local Rule of Civil Procedure 7(c) provides that "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable

Document      Page 6 of 13

to such motions." D.Conn.L.Civ.R. 7(c)[4]. The standard for granting motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)(*citing Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), *as amended* (July 13, 2012).

### III.  DISCUSSION

#### a.  ATTORNEY ROMANO'S RECONSIDERATION MOTION I

In Reconsideration Motion I, Attorney Romano seeks, pursuant to Fed.R.Civ.P. 60(a) and 60(b)(1), relief from the court's Decision asserting that the court erred by not considering Attorney Romano's act of filing the 2013 Motion for Contempt as qualifying as an exception to the automatic stay under § 362(b)(2)(B). ECF No. 151, P. 2. To the extent Reconsideration Motion I seeks relief pursuant to subsection (a) of Fed.R.Civ.P. 60, it must be denied. The alleged error – that the court failed to conclude that Attorney Romano's action fell within § 362(b)(2)(B) – is not the type of error covered by Fed.R.Civ.P. 60(a). *See* 11 C. Wright, A. Miller, M. Kane, R. Marcus, A. Spencer, A. Steinman, Fed. Prac. & Proc. Civ. § 2854 (3d ed.)("Subdivision (a) [of Rule 60(a)] deals solely with the correction of errors that properly may be described as clerical or as arising

---

[4]    D.Conn.L.Civ.R. 7(c), requires motions for reconsideration to be filed and served within seven (7) days of the filing of the order from which such relief is sought.

6

from oversight or omission."). A clerical error correctable by Fed.R.Civ.P. 60(a) is one that does not alter the original meaning of the order or challenge the legal or factual findings therein. *See*, *Rezzonico*, 182 F.3d at 151. Here, Attorney Romano the requested amendment to the Decision is far from "clerical" in nature. Rather, Attorney Romano requests the court change the substantive aspects of its Decision to reach a different conclusion. Such relief is not appropriate under Fed.R.Civ.P. 60(a). Accordingly, Reconsideration Motion I is denied to the extent Attorney Romano seeks relief under Fed.R.Civ.P. 60(a).

Attorney Romano also seeks relief under Fed.R.Civ.P. 60(b)(1) asserting the court made a mistake by failing to conclude that Attorney Romano's action fell within § 362(b)(2)(B). The problem for Attorney Romano is a simple one: he did not raise this challenge in his original opposition to Mr. Beckford's motion. In his filings prior to the Decision, Attorney Romano argued that the court should not find he violated the automatic stay because 1) he was not familiar with bankruptcy procedure, 2) the 2013 Motion for Contempt was not pursued, and 3) he was unaware of whether he or his client – Marilyn Beckford – received proper notice of Mr. Beckford's bankruptcy. Attorney Romano could have argued during the court's hearing on Mr. Beckford's motion that an exception to the stay applied pursuant to § 362(b)(2)(B). He did not do so. Attorney Romano could have raised this argument in his post-hearing objection to Mr. Beckford's motion for contempt. He did not do so. Now on reconsideration, Attorney Romano argues that the court should not find he violated the automatic stay because his act of filing the 2013 Motion for Contempt falls within the exception of 11 U.S.C. § 362(b)(2)(B). As indicated above, "[a] motion for relief from judgment … is properly granted only upon a showing of exceptional

7

circumstances." *Int'l Bhd. of Teamsters*, 247 F.3d at 391;[5] *see also Paddington Partners*, 34 F.3d at 1147 (2d Cir. 1994)("An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief.")(*citing Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986)). In Reconsideration Motion I, Attorney Romano failed to identify any exceptional circumstances that prevented him from raising this - previously available – argument regarding § 362(b)(2)(B). Accordingly, Reconsideration Motion I fails to meet the strict standard justifying relief pursuant to § 60(b)(1) and must, therefore, be denied.

Even if the court were to grant reconsideration, it is not clear that the act of filing the 2013 Motion for Contempt falls within the exception of § 362(b)(2)(B). Section 362(b)(2)(B) provides, in pertinent part: "[t]he filing of a petition … does not operate as a stay under subsection (a) of the collection of a domestic support obligation from property that is not property of the estate." 11 U.S.C. § 362(b)(2)(B); *See also* 1-5 *Collier Family Law and the Bankruptcy Code* ¶ 5.03 (2017)("The language of the § 362(b)(2)(A) exception to the automatic stay makes clear that, with respect to the actual collection of domestic support obligations, only those acts that do not involve property of the estate are excepted from the automatic stay."). "[I]f a creditor otherwise claiming a right to support does not limit an order obtained to property that is not property of the estate, that creditor can be found in violation of the stay." 1-5 *Collier Family Law and the Bankruptcy Code* ¶ 5.03 (2017). Here, nothing within the four corners of the 2013 Motion for Contempt limited the collection of the Home Depot obligation to property that was not

---

[5] *See also Patterson v. Rodgers*, No. 3:10-CV-579 (CSH), 2010 WL 3081269, at *3 (D.Conn. August 5, 2010)("Excuses such as an attorney's negligence, ignorance of the law or rules of court, and failure to effectively manage one's caseload have been held insufficient grounds to grant relief under Rule 60(b)(1).").

8

property of the estate. *See* ECF No. 75-1, Exhibit A – 2013 Motion for Contempt. Attorney Romano, being aware of Mr. Beckford's bankruptcy, could have limited the requested relief to payment from funds that were not property of the bankruptcy estate. He did not do so. Nor, prior to filing Reconsideration Motion I, did Attorney Romano argue that it was his intent that such funds would come from only non-estate property.

Additionally, and without deciding the issue as it is not properly before the court, the court remains unpersuaded that the obligation to pay the Home Depot credit card was a domestic support obligation rather than in the nature of a property settlement. Section 362(b)(2)(B) does "not apply to amounts owed pursuant to a property settlement." 1-5 *Collier Family Law and the Bankruptcy Code* ¶ 5.03 (2017). The term domestic support obligation is defined, in relevant part, as a "debt … that is-- (A) owed to or recoverable by-- (i) a spouse, former spouse, … (B) in the nature of alimony, maintenance, or support of such spouse, former spouse … (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-- (i) a separation agreement, divorce decree, or property settlement agreement." 11 U.S.C. §101(14). In determining whether § 362(b)(2)(B) applies, the court "must first determine whether [the debtor] has domestic support obligations to [the ex-spouse] and, second, whether there are non-estate assets from which [the ex-spouse] can collect those obligations." *Bloch v. Bloch*, No. 09-CV-3963 RRM, 2010 WL 3824125, at *4 (E.D.N.Y. September 23, 2010). "Federal bankruptcy law, not state law, determines whether an obligation is a domestic support obligation." *In re Mason*, 545 B.R. 462, 466 (Bankr. S.D.N.Y. 2016)(citations omitted). Courts may consider a variety of factors[6] to

---

[6] "Courts have also looked to the following:

9

assess whether the parties intended to create a domestic support obligation and "[a]ll evidence, direct or circumstantial, which tends to illuminate the parties' subjective intent is relevant." *In re Romano*, 548 B.R. 39, 47 (Bankr. S.D.N.Y. 2016)(*quoting Brody v. Brody (In re Brody)*, 3 F.3d 35, 38 (2d Cir. 1993). Here, the Divorce Judgment contained a separate provision requiring Mr. Beckford to pay alimony, separate and apart from the requirement to pay the Home Depot obligation. Additionally, the Divorce Judgment appears to have apportioned the credit card debts between the parties: Marilyn Beckford was responsible for paying in full the creditors from JC Penny, Target and Sovereign Bank, while Mr. Beckford was directed to pay the Home Depot obligation. The court also notes that the Divorce Judgment split 50/50 any deficiency on the former residence. There was no evidence or argument advanced that the payment of the Home Depot obligation contributed to the continuing support of Marilyn Beckford. "[W]hen doubt exists it is best to seek a determination from the bankruptcy court rather than run the risk of facing sanctions for violation of the automatic stay." 1-5 *Collier Family Law and the Bankruptcy Code* ¶ 5.03 (2017).[7] Even if the court were to grant reconsideration, the

---

(1) The nature of the obligations assumed; necessities indicating the agreement is more in the nature of alimony;
(2) The structure and terms of the contract—i.e., does the agreement evidence an intent or purpose to grant alimony;
(3) Whether the agreement includes a provision for the support of children;
(4) The relative earning power of the spouses;
(5) The parties' negotiations and understandings of the provisions;
(6) The reasonableness of the assumption given the financial condition of the debtor;
(7) Whether there was a division of property and a division of the debts relating to that property;
(8) Whether the former spouse was shown to have suffered in the job market, or was otherwise disadvantaged because of any dependent position held in relation to the debtor during the marriage; and
(9) The age and health of the former spouse.
*In re Romano*, 548 B.R. at 46–47 (*citing Tsanos v. Bell (In re Bell)*, 47 B.R. 284, 287 (Bankr.E.D.N.Y.1985).
[7]    "[A] spouse seeking to collect a domestic obligation other than child support without obtaining relief from the stay may run the serious risk that the obligation will be found to be in the nature of a property settlement rather than alimony or support. If such a finding is made, the spouse may be found in contempt of court or otherwise liable for violation of the stay. The most prudent course, when any doubt exists as to whether the stay is applicable, is to seek a determination as to the nature of the obligation from the

court is unpersuaded that the record demonstrates that Attorney Romano's act of filing the 2013 Motion for Contempt fell within § 362(b)(2)(B)'s exception to the automatic stay and prohibits a finding that Attorney Romano violated the automatic stay.

The court also considered Attorney Romano's remaining arguments that the court erred by noting that he was an hour late to the hearing on the motion for contempt and by failing to conduct an evidentiary hearing after the initial hearing. *Froman v. Fein (In re Froman)*, 566 B.R. 641, 657 (S.D.N.Y. 2017)(Holding the bankruptcy court did not err in failing to conduct an evidentiary hearing on motion for an order finding party violated the automatic stay); *see also Sterling v. 1279 St. Johns Place LLC (In re Sterling)*, 565 B.R. 258, 273 (S.D.N.Y. 2017)("A bankruptcy court has the discretion to decide an issue without holding an evidentiary hearing."). Here, Attorney Romano was given the opportunity to present arguments and any evidence prior to the original hearing held on December 21, 2015, during the hearing held on December 21, 2015, and after the hearing pursuant to the court's scheduling order. *See* ECF No. 64. Further, to the extent that Attorney Romano argues that he requested an evidentiary hearing, the court notes that he requested an 'evidentiary hearing on statements of fact contained in [the] scheduling order' dated September 30, 2016, not an evidentiary hearing on Mr. Beckford's motion for contempt. *See* ECF No. 95 ("Wherefore the undersigned respectfully requests an evidentiary hearing on the Court's assertions (1) of the lack of exhibits attached to the undersigned's Response dated January 11, 2016; (2) the delivery of exhibits to the Court's chambers; (3) the placing of the docket notation 'Exhibits Delivered to Chambers'; and (4) the validity of the signature of the undersigned."). Neither of these arguments –

---

bankruptcy court, perhaps in conjunction with a motion for relief from the automatic stay."  1-5 *Collier Family Law and the Bankruptcy Code* ¶ 5.03 (2017).

11

noting that Attorney Romano was late or failing to conduct an evidentiary hearing – meet the strict standards justifying reconsideration.

### b. MR. BECKFORD'S RECONSIDERATION MOTION II

In Reconsideration Motion II, Mr. Beckford requests the court reconsider its conclusion that Attorney Romano did not violate the discharge injunction by filing the 2014 Motion for Contempt.[8]  Mr. Beckford argues that the entry of his chapter 7 discharge discharged the Home Depot debt, and therefore, Attorney Romano violated the discharge injunction by filing the 2014 Motion for Contempt.  ECF No. 162.  Even affording Mr. Beckford the special solicitude required in light of his *pro se* status, his motion must be denied.  Mr. Beckford previously advanced this argument in his motion for contempt and during the hearing.  As noted in the Decision, Mr. Beckford's argument fails to appreciate that the Divorce Judgment did not modify the underlying debt, but rather allocated responsibility for the debt for the credit card obligation between him and Marilyn Beckford.  ECF No. 140, P. 16.  Additionally, the court concluded that the Home Depot obligation was in the nature of a debt that was non-dischargeable pursuant to § 523(a)(15).  Mr. Beckford failed to provide any law or fact that the court erred in this determination.

First, Mr. Beckford failed to comply with Local District Court Rule 7(c) that requires a motion to reconsider be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked.  Here, Mr. Beckford provided no new decision or data.  Instead, Mr. Beckford simply restates his prior arguments.  This is insufficient to meet the strict standard for reconsideration.  *See Shrader*, 70 F.3d at 257 ("[R]econsideration will generally be denied unless the moving

---

[8]    Mr. Beckford fails to identify what provision of the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure or Local Rules for either the District Court or Bankruptcy Court, relief is sought.

12

party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

To the extent, Mr. Beckford seeks relief pursuant to Fed.R.Civ.P. 59, he failed to allege any basis for reconsideration. It is well settled that the grounds for granting a motion for reconsideration in the Second Circuit are: "[(1)] an intervening change of controlling law; [(2)] the availability of new evidence; or [(3)] the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Here, Reconsideration Motion II merely seeks, based upon legal misconceptions, to relitigate, yet again, issues already decided.

Similarly, to the extent Mr. Beckford asserts he is entitled to relief pursuant to Fed.R.Civ.P. 60(b), his motion must be denied. Mr. Beckford has not advanced or met any of the grounds provided for under Fed.R.Civ.P. 60, and the court sees no other reason that would justify the requested relief. Accordingly, Mr. Beckford's Motion for Reconsideration II is denied.

## IV.    CONCLUSION

For the reasons stated above, the motions for reconsideration filed by Attorney Romano, ECF No. 151, and by Mr. Beckford, ECF No. 162, are DENIED.

Dated on March 28, 2018, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut