UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: | Case No.: 13-20749 (AMN) |
| ALMAN ANDREW BECKFORD, | Chapter 7 |
| *Debtor* | |
| | |
| ALMAN ANDREW BECKFORD, | |
| *Movant* | |
| v. | |
| MICHAEL ROMANO, ESQ. | |
| *Respondent* | Re: ECF No. 51, 140, 198 |

## MEMORANDUM OF DECISION AND ORDER ASSESSING
## ACTUAL DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY

APPEARANCES

| | |
|---|---|
| Alman Andrew Beckford<br>1481 Albany Avenue<br>Hartford, CT 06112 | *Pro Se* Debtor |
| Jon P. Newton, Esq.<br>Reid and Riege, P.C.<br>One Financial Plaza, 21st Floor<br>Hartford, CT 06103 | Counsel for Michael Romano, Esq. |

**I.   INTRODUCTION**

The remaining issue pending before the court is an assessment of actual damages incurred by the debtor, Alman Andrew Beckford ("Mr. Beckford") resulting from Attorney Michael Romano's ("Attorney Romano") violation of the automatic stay. The court assumes the parties' familiarity with the factual background of this dispute as set forth in the court's Decision dated June 23, 2017 ("June 2017 Decision"). For the reasons that follow, the court finds that Mr. Beckford's actual damages relating to Attorney Romano's violation of automatic stay equal One Hundred Ninety-Two ($192.00) Dollars.

1

## II.    FACTUAL BACKGROUND

Previously, in October of 2015, Mr. Beckford filed a motion for contempt against Attorney Romano for violating the Bankruptcy Code's automatic stay provision and the discharge injunction (the "Motion for Sanctions").  ECF No. 51; *See* U.S.C. §§ 362, 524. Mr. Beckford sought damages for Attorney Romano's act of filing a motion for contempt in State Court against Mr. Beckford for his failure to pay the Home Depot bill as required under the dissolution of marriage judgment ("2013 Motion for Contempt") in the Divorce Action (defined in ECF No. 140), on July 25, 2013, at a time when the automatic stay was in effect.[1]  Additionally, Mr. Beckford requested damages for Attorney Romano's act of filing a second motion for contempt in the Divorce Action on June 11, 2014 – after the entry of Mr. Beckford's chapter 7 discharge – alleging in pertinent part that Mr. Beckford had failed to comply with the dissolution of marriage judgment by neglecting to pay the Home Depot bill ("2014 Motion for Contempt").

On June 23, 2017, the court entered the June 2017 Decision regarding Mr. Beckford's Motion for Sanctions concluding that Attorney Romano violated the automatic stay by filing the 2013 Motion for Contempt[2] but did not violate the discharge injunction by filing the 2014 Motion for Contempt.  ECF No. 140.  Both Mr. Beckford and Attorney Romano sought reconsideration of the June 2017 Decision.  ECF Nos. 151,162.

On March 28, 2018, the court denied both motions seeking reconsideration.  ECF No. 198.  Thereafter, on August 7, 2018 the court held an evidentiary hearing (the

---

[1]    It is undisputed the 2013 Motion for Contempt was not ruled upon by the State Court.  See also, footnote 2.
[2]    The court notes there was no finding that Attorney Romano pursued the 2013 Motion for Contempt before the state court by asking that it be ruled upon.  Rather, the court found the act of filing the motion with the state court was not an accident (i.e. in this context, was "willful") and had the effect of violating the stay.  The June 2017 Decision did not determine whether Mr. Beckford sustained any actual damages from the filing of the motion during the time the stay was in effect.  The existence and amount of Mr. Beckford's actual damages are the remaining issues addressed by this Order.

2

"Hearing") limited to the presentation of evidence regarding actual damages incurred by Mr. Beckford. ECF Nos. 210, 229. During the hearing, Mr. Beckford presented testimony from Attorney Romano and himself and introduced five exhibits into evidence.[3] At the conclusion of the hearing, the court took the issue of actual damages under advisement.

### III.   RELEVANT LAW

Violations of the automatic stay are punishable as contempt of court. Pursuant to 11 U.S.C. § 362(k)(1), acts that violate the stay are void, and if "willful," provide a proper basis for the assessment of damages. 11 U.S.C. § 362(k)(1). Section 362(k)(1), states in relevant part:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.
> 11 U.S.C. § 362(k)(1).

A debtor "bears the burden of proving that damages were actually incurred." *In re Sturman*, 2011 WL 4472412, at *3 (S.D.N.Y. 2011)(where no injury results from the violation of the automatic stay, an award of damages is clearly inappropriate); *see also*, *In re Manchanda*, No. 16-10222 (JLG), 2016 WL 3034693, at *5 (Bankr.S.D.N.Y. 2016)(debtor must prove by a preponderance of the evidence that he or she suffered damages)(*unpublished*).

"The automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment." *In re Skeen*, 248 B.R. 312, 321 (Bankr. E.D. Tenn. 2000)(*quoting McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168-69 (B.A.P. 9th Cir. 1995). "[M]any courts have expressed

---

[3]    The court admitted five exhibits as full exhibits, including Exhibit 2, 5, 6, 7, and 8. The court notes that these exhibits were also used during the deposition of Mr. Beckford and the court adopted the numbering of the exhibits as used during the deposition.

3

reluctance to award fees and costs in the absence of other actual damages for fear of encouraging an "'excessively litigious approach'" to minor stay violations. *See In re Sturman*, 2011 U.S. Dist. LEXIS 109599, at *11 (S.D.N.Y. Sep. 26, 2011)(*citing In re Saratoga Springs Plastic Surgery, PC*, No. 03 Civ. 896 (DNH), 2005 U.S. Dist. LEXIS 2046, 2005 WL 357207, at *5 n.4 (N.D.N.Y. Feb. 11, 2005); *In re Whitt*, 79 B.R. 611, 616 (Bankr. E.D. Pa. 1987) (concluding such awards "are allowable only to embellish 'actual damages'")).

## IV.    DISCUSSION

The limited question before the court is the determination of actual damages suffered by Mr. Beckford resulting from Attorney Romano's act of filing the 2013 Motion for Contempt. During the Hearing, Attorney Romano testified that after filing the 2013 Motion for Contempt he did not pursue it further. Attorney Romano also testified that the procedure in the Connecticut Superior Court to pursue a filed motion is that the moving party must 'mark it ready' for hearing and notify the other party of such marking. Attorney Romano did not notify Mr. Beckford of a hearing on the 2013 Motion for Contempt because Attorney Romano did not mark the Motion ready. Attorney Romano stated that he did not withdraw the 2013 Motion for Contempt because, according to him, the Superior Court considers null any motion not pursued after four months.

Mr. Beckford testified that in 2013 he was employed by the City of Hartford as a heavy equipment truck driver. While Mr. Beckford did not present any time records for 2013, he provided Exhibit 2 as a record of his pay for the period of November 2014 through August 2018. Mr. Beckford also testified that his pay rate in 2013 was about $23.00 or $24.00 per hour and that there was no change in rate from 2013 to 2014. He further testified that his normal shift was 8 hours per day. As a result of the 2013 Motion

4

for Contempt, Mr. Beckford stated that he missed 1 day's worth of work when he attended a hearing in the Connecticut Superior Court because he believed the Motion would be heard that day. The court takes judicial notice of the Order dated August 28, 2013 ("August 2013 Order") entered in the Connecticut Superior Court case entitled *Marilyn Beckford v. Alman Beckford,* bearing case number HHD-FA-11-4058161-S. The August 2013 Order provided that:

> [Mr. Beckford's] Objection to Motion (Motion 149.00) is marked "off" for today because Plaintiff's Contempt Motion [Mr. Beckford] is objecting to is not on the docket today and it does not appear that Plaintiff is actively pursuing the Contempt Motion at this time. If Plaintiff does reclaim the Contempt Motion in question at a later date, [Mr. Beckford] may reclaim his objection (Motion 149.00) at that time.
> ECF No. 75-6.

The August 2013 Order also noted that the defendant – Mr. Beckford – was the only one present on that day. ECF No. 75-6. Attorney Romano argued that the court should not award damages for the day of work Mr. Beckford missed because under the Superior Court procedure, Attorney Romano did not mark the 2013 Motion for Contempt ready and, thus, Mr. Beckford was not required to attend court on August 28, 2013.

While the court acknowledges the Superior Court procedure described by Attorney Romano, the court also recognizes Mr. Beckford's *pro se* status and the potential for a *pro se* party to be unfamiliar with the procedure. The court declines to place the burden of the procedural mistake on Mr. Beckford, and allows him compensation for the day he took off from work to appear in the Superior Court to defend himself from the 2013 Motion for Contempt.[4] Accordingly, the court concludes that actual damages for a day of work

---

[4] The court notes that in Exhibit 5, Mr. Beckford stated that numerous days were spent researching and preparing his objection to the 2013 Motion for Contempt. However, none of the evidence submitted suggests that Mr. Beckford missed days of work or incurred actual damages for this time. "*Pro se* litigants cannot recover attorney's fees as an item of actual damages in an action under § 362(k)." *Carter v. Barber (In re Carter)*, Docket No. EC-14-1581-KuDTa, 2016 Bankr. LEXIS 1838, at *15 (B.A.P. 9th Cir. Apr. 22, 2016); *see also In re Dugas*, Docket No. 94-10027, 2009 Bankr. LEXIS 3231, at *40-41 n.62 (Bankr. E.D. Tex. Oct. 13, 2009)("Though § 362(k) also permits a recovery of attorney's fees, the Debtors in this case

[$24.00 x 8 hours] in the amount of One Hundred and Ninety Two Dollars ($192.00) should be awarded to Mr. Beckford.

Additionally, upon questions from this court regarding time spent prosecuting his Motion for Sanctions filed with this court, Mr. Beckford testified that he took a day off from work for every hearing. The court notes that it conducted a preliminary hearing on November 12, 2015 regarding Mr. Beckford's Motion for Sanctions that the court continued to December 21, 2015. Mr. Beckford appeared at both hearings. However, the evidence is not clear that Mr. Beckford in fact incurred a loss of time at work for these two hearing dates. Mr. Beckford testified that he often worked the third-shift. Further, Exhibit 2 indicates that throughout November and December 2015, Mr. Beckford received an increased pay rate for working third-shift and received compensation for a full 40 hours of regular time, without using any sick or vacation time. Based on this record, the court is unable to determine that Mr. Beckford missed days at work to attend the hearings in November and December 2015. Accordingly, the court concludes that Mr. Beckford failed to show by a preponderance of the evidence that he incurred actual damages in prosecuting his Motion for Sanctions in 2015.

As for subsequent hearings held in this court on this Motion for Sanctions, including October 26, 2017, August 1, 2018, and August 7, 2018, Mr. Beckford failed to show actual damages. Mr. Beckford testified that he has not worked since November 2016. As previously stated, a *pro se* litigant is not entitled to attorneys' fees for self-representation.

---

acted in a pro se capacity and, [], statutory attorneys' fees cannot be awarded to pro se litigants, such as the Debtors, unless such a person is, in fact, an attorney.")(citing *McLean v. Int'l Harvester Co.*, 902 F.2d 372 (5th Cir. 1990)); *see also Milton v. Rosicki, Rosicki & Associates, P.C.*, Docket No. 02 CV 3052 (NG), 2007 U.S. Dist. LEXIS 56872, at *10 (E.D.N.Y. Aug. 3, 2007)("*pro se* plaintiff cannot recover attorney's fees for representing himself in FDCPA action").

6

During the Hearing, Mr. Beckford spent a significant amount of time presenting evidence regarding a significant work-related injury that occurred on November 18, 2014, and the resulting medical bills. Mr. Beckford argued that his injury at his job was the result of undue stress caused by Attorney Romano's act of filing the 2013 Motion for Contempt.

The court has considered Mr. Beckford's arguments but finds them unpersuasive. The act of filing the 2013 Motion for Contempt was a single, discreet action after which Attorney Romano took no further steps to prosecute the Motion. The courts finds the act of filing the 2013 Motion for Contempt far too removed from the November 2014 work-related accident to conclude the accident and the related medical bills were actual damages stemming from Attorney Romano's violation of the automatic stay.

## V.    CONCLUSION

For the reasons stated above, the court concludes that Mr. Beckford incurred actual damages of One Hundred Ninety-Two Dollars ($192.00) from missing a day at work to attend a hearing in Superior Court resulting from Attorney Romano's act of filing the 2013 Motion for Contempt in violation of the automatic stay. Accordingly, it is

ORDERED: That, on or before September 5, 2018, Attorney Romano shall pay Alman Andrew Beckford the sum of One Hundred Ninety-Two Dollars ($192.00) as actual damages pursuant to 11 U.S.C. § 362(k).

Dated this 15th day of August, 2018, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut